STROBRIDGE LITHOGRAPHING CO. *v.* CRANE.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

INJUNCTION—WHEN LIES—CONTRACT FOR SERVICES.
> In an action to restrain defendant from working for a certain firm, or for any other person or corporation, as a lithographic designer or lithographic sketch artist, in violation of a contract of employment by plaintiff, it appeared that much of the work for which he was employed by plaintiff was purely mechanical, and that there was nothing uncommon in his qualifications. There was no proof that his place could not be adequately supplied, and none of damage or actual injury, and

plaintiff was an Ohio corporation, doing business in that state, and not shown to transact business in New York, while the company named was a New York firm. *Held*, that an injunction should be denied.

Appeal from special term, New York county.

Action by the Strobridge Lithographing Company against William H. Crane. Defendant appeals from an order continuing an injunction *pendente lite*, restraining him from working for the Metropolitan Job Printing Office, or for any other corporation or person, as a lithographic designer or lithographic sketch artist. For opinion on motion to add parties defendant, see *ante*, 835.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*George H. Hart*, for appellant. *James H. Egan*, (*John T. Walsh*, of counsel,) for respondent.

BARRETT, J. As a general rule, equity will not interfere to restrain by injunction a violation of a restrictive covenant in relation to personal services. Exceptions have been made where the service was special, unique, and extraordinary, (Pom. Eq. Jur. § 1343,) as in the case of singers, actors, authors, artists, and the like. It may sometimes be difficult to say just what is a special, unique, and extraordinary service, or whether the employe possesses special, unique, or extraordinary qualifications. The solution may generally be reached by an inquiry as to whether a substitute for the employe can readily be obtained, and whether such substitute will substantially answer the purpose of the contract; in other words, whether the individual service specially contracted for is essential to prevent irreparable injury. The foundation of the jurisdiction is the inability of the law to afford adequate redress. In many cases the damages could not possibly be ascertained, and the injury would in every just sense be irreparable. Where, however, a proper substitute can readily be secured, and the service demands no exclusive individuality, the reason for this exceptional departure from common-law principles fails, and the parties should be left to their ordinary remedies. To entitle a party to an injunction *pendente lite* in this class of cases the plaintiff must bring himself clearly within the principles upon which this exceptional jurisdiction rests. He must establish the irreparable injury alleged, and he must also show an immediate necessity for the extraordinary remedy. It must not be overlooked that such an injunction grants, preliminarily, and without a trial, the entire relief sought to be obtained by the final judgment. Such an injunction should be granted with great caution, and only in a case free from doubt, where the necessity is urgent. These views necessarily lead to the reversal of the order appealed from. The defendant's employment was not special, unique, or extraordinary. It called for nothing peculiar or individual to him. He was to give the plaintiffs the benefits of his talents in all branches of the art of lithography and designing, and he was also to "color sheets, mark colors, and work on stone." Much of this was purely mechanical, but, even with regard to the higher branches of the art, there was nothing uncommon in the defendant's qualifications. He is simply a talented and rising young member of the guild of lithographic sketchers. His name adds no special value to the good work he does, and his withdrawal entailed no serious loss upon the plaintiffs. Indeed, there is no proof that his place cannot be adequately filled. The only allegation in the complaint on that head is that "it is impossible to supply defendant's place at this season of the year with an equally competent person, all such persons being now engaged;" and this allegation, fortified only by the general statement of the plaintiff's New York agent, is expressly denied. Nor is there any proof of damage or of actual injury. The plaintiff is an Ohio corporation, doing business in Cincinnati. Whether it transacts business in this city does not appear, although Mr. Stewart speaks of himself as the "manager of the New York branch of the plaintiff." How the plaintiff in Cincinnati will be irreparably injured unless

the defendant is enjoined from working for the Metropolitan Job Printing Company in New York is not apparent. We have, in fact, but little doubt that the plaintiffs can supply the defendant's place with an equally competent person, and that the loss of his services has involved no serious detriment to their business.

Both upon the facts and the law the injunction should have been denied, and the order should therefore be reversed, with $10 costs and disbursements, and the injunction dissolved. All concur.