LOUISE DUDLEY CARTER, APPELLANT, *v.* WILLIAM J. FERGUSON, RESPONDENT.

*Actor agreeing to render exclusive service to one — when restrained by injunction from acting for another.*

A preliminary injunction to restrain an actor from breaking a contract, by which he has agreed to perform services exclusively for the plaintiff, will not be granted, except in cases where the artistic abilities of the defendant are exceptional, so that his place cannot readily be supplied.

It is only under such circumstances that irreparable damages can result to the plaintiff from a breach of the contract.

APPEAL by the plaintiff Louise Dudley Carter from an order of the Supreme Court, entered in the above-entitled action on the 20th day of October, 1890, in the office of the clerk of the county of New York, denying the plaintiff's motion for an injunction enjoining and restraining the defendant from performing or rendering services for any persons other than the plaintiff until a certain contract, made by the defendant with the plaintiff, should have been performed.

*Abe H. Hummel*, for the appellant.

*A. J. Dittenhoefer*, for the respondent.

BARTLETT, J.:

In order to warrant the granting of a preliminary injunction to restrain the violation of a contract, it should be made to appear that the plaintiff has no adequate remedy at law. The inadequacy of the legal remedy is the test as to whether the defendant should or should not be restrained in the class of cases to which the present suit belongs. The English courts and our own have frequently granted injunctions, *pendente lite*, to prevent actors from performing for other parties when they have undertaken to play only for the plaintiff; but the exercise of this jurisdiction has usually been confined, and ought, in our judgment, always to be limited, to cases where the artistic abilities of the defendant are exceptional, so that his place cannot readily be supplied, for it would seem to be only under such circumstances that irreparable damage can be occasioned to the plaintiff. As is well said by Mr. Pomeroy: " Where a contract stipulates for special, unique or extraordinary personal services or acts, or for such services or acts to be rendered or done by a party having

special, unique and extraordinary qualifications, as, for example, by an eminent actor, singer, artist and the like, it is plain that the remedy at law of damages for its breach might be wholly inadequate, since no amount of money recovered by the plaintiff might enable him to obtain the same or the same kind of services or acts elsewhere, or by employing any other person." (3 Pomeroy's Eq. Jur., § 1343.) The General Term of the third department, commenting upon this passage, points out that the jurisdiction to interfere by injunction approved therein is confined to cases of special, unique and extraordinary qualifications on the part of the defendant, and LEARNED, P. J., remarks: "It can readily be seen that the court might restrain by injunction a great actor from playing at another theater in violation of his contract, while it would not restrain a salesman from quitting his employ before his contract had expired, even though, under the contract, he were to be paid a percentage on sales." (*Bronk* v. *Riley*, 50 Hun, 489.)

Now, it is in no wise derogatory to the defendant in this case to say that he is not shown to be an actor of special, unique or extraordinary qualifications. His own counsel on this appeal expressly asserts that the defendant is not a star or attraction of the company, or even a prominent member thereof.

However capable an actor the defendant may be, he has not yet achieved distinction. He does not seem to have been engaged to perform what is known as the part of the leading man in the plaintiff's company, his name appearing only third in the published list of the performers who were to act with Mrs. Carter. The affidavits do not satisfy us that his failure to keep his contract with her, or his appearance, in violation of that contract, at another theater has done or will do her any irreparable injury, or any damage incapable of being ascertained in an action at law.

For these reasons, without considering the others urged by counsel, or referred to by the court below, we think the application for an injunction was properly denied.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.