Alfred Davies and Others, Respondents, *v.* Herman Fred Racer, Appellant.

72h 43
f 65 AD ³280

*Limited agreement by a clerk not to engage in a similar business to that of his employer — enforcement of the agreement by injunction.*

In an action brought to obtain an injunction to prevent the defendant from interfering with the plaintiffs' customers by solicitation of their business, on behalf of his present employers, in violation of his agreement with the plaintiffs, it appeared that plaintiffs, a firm of forwarding agents and custom-house brokers in New York city, had entered into an agreement with the defendant whereby the firm employed the defendant as a clerk to receive, influence and procure orders and goods from shippers and to perform other duties, in consideration of a salary therein expressed, and that the defendant thereby agreed not to engage in the city of New York, or within fifty miles thereof, either directly or indirectly, in a similar business to that carried on by the plaintiffs, or to interfere with any of the plaintiffs' customers, directly or indirectly, for twelve months after the expiration of the agreement.

The agreement continued in existence until the defendant voluntarily left the plaintiffs' employment and made an engagement with another firm in New York city carrying on a business similar to that of the plaintiffs.

*Held,* on appeal from an order continuing an injunction during the pendency of the action, or until one year from the expiration of the agreement, that the

agreement was not in restraint of trade or unreasonable, and that the defend-
ant's employment was a sufficient consideration to support it.

The defendant insisted that there was no evidence that the plaintiffs had suffered
or would suffer such great or irreparable injury as would warrant the granting
of an injunction.

*Held,* that as it was clear that there had been a plain and willful violation upon
the part of the defendant of the covenants contained in his agreement, it
required but slight evidence of injury to justify the court in restraining such
acts, it being apparent that it was impossible to calculate their results.

APPEAL by the defendant, Herman Fred Racer, from an order of
the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the city and county of New
York on the 24th day of March, 1893, enjoining and restraining
the defendant, "during the pendency of this action, or until the
29th day of December, 1893, if the same shall have not been tried
before that date, from engaging as clerk or otherwise, in any busi-
ness similar to that carried on by the plaintiffs' firm of Davies,
Turner & Co., and from interfering with the customers of the plain-
tiffs as they existed on the 29th day of December, 1892, by solicit-
ing business from them, directly or indirectly."

The action was brought in February, 1893, to obtain an injunc-
tion restraining the defendant from the acts above specified, until
the 29th day of December, 1893.

*W. P. Burr,* for the appellant.

*H. H. Whitman,* for the respondents.

VAN BRUNT, P. J.:

There seems to be little to add to the opinion rendered in the
court below. But it may be necessary to notice one or two points
which have been urged upon this appeal.

It appears that on the 1st of June, 1887, the plaintiffs, who are
engaged in the business of forwarding agents and custom-house
brokers, entered into an agreement with the defendant, whereby
said firm employed the defendant as clerk to receive, influence and
procure orders and goods from shippers in New York city and else-
where, and to perform other duties in consideration of a salary
therein expressed. In and by said agreement, the said defendant
agreed not to engage in the city of New York, or within fifty miles
thereof, either directly or indirectly, in a similar business to that

carried on by the plaintiffs, or to interfere with any of the plaintiffs' customers, directly or indirectly, for the space of twelve months after the expiration of the agreement. Said agreement was continued in existence until on or about the 29th of December, 1892, when the defendant voluntarily left the plaintiffs' employment and engaged as a clerk with a firm in New York doing business similar to that of the plaintiffs, and, it is alleged, interfered with the customers of the plaintiffs by systematic solicitation of their business on behalf of said firm, and that such solicitation was in open violation of defendant's said agreement.

There was evidence tending to show the existence of this state of facts. But it is urged upon the part of the appellant that there was no evidence that the plaintiffs have suffered or will suffer such great or irreparable injury as will warrant the granting of this injunction.

It is undoubtedly true that the evidence in this regard is slight. But there certainly is evidence from which the conclusion might be drawn that the plaintiffs may suffer injury from the actions of the defendant. It appears beyond contradiction that he is soliciting custom from those who have been accustomed to deal with the plaintiffs, and that some of these customers have ceased dealing with the plaintiffs, although they allege they would have ceased dealing with the plaintiffs, even though the defendant had not solicited the change. It is naturally difficult to establish the effect of the mental operations which have brought about the change in the action of these customers; but it is apparent that there has been a plain and willful violation upon the part of the defendant of the covenants contained in his agreement. And it requires but slight evidence of injury to justify the court in restraining such acts, it being apparent that it is impossible to calculate what may be the results of such action.

It is also urged that the covenant is in restraint of trade, and was not supported by a good consideration, and unreasonable in view of the circumstances disclosed, and, therefore, void.

As to the agreement being in restraint of trade, it seems to be difficult to support any such proposition in view of the principles enunciated by the Court of Appeals in the case of *The Diamond Match Co.* v. *Roeber* (106 N. Y. 473), where a very much broader contract was enforced.

As to the want of consideration, the fact of the employment was sufficient consideration.    It enabled the defendant to become familiar with the customers and the trade of the plaintiffs, and they had a right to protect themselves by such a covenant against such knowledge being used to their disadvantage.

As to the policy of the law being against the restraint of clerks, mechanics and apprentices from pursuing their profession or employment in any particular place, it seems to be sufficient to say that no rule laid down in this State has been called to our attention which in any way militates against the validity or propriety of such an agreement as forms the subject-matter of this action.

We think, therefore, that the order should be affirmed, with ten dollars costs and disbursements.

Follett and Parker, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.