(12 Misc. Rep. 368.)

## A. L. & J. J. REYNOLDS CO. v. DREYER.

(Superior Court of New York City, General Term. May 6, 1895.)

1. INJUNCTION—AGAINST BREACH OF CONTRACT.
   Plaintiff employed defendant to drive a wagon, and sell and deliver groceries, in the city of New York, under an agreement that he should not, within six months after the termination of his contract of employment, engage in business in competition with plaintiff within 10 miles of the city. *Held*, that injunction would lie to restrain defendant from violating such agreement.

2. SAME—EFFECT OF DEPOSIT AS LIQUIDATED DAMAGES.
   The fact that an employé had deposited with his employer a sum of money, to be retained as liquidated damages in case of a violation of the contract, did not prevent the issuance of an injunction to restrain such violation.

Action by the A. L. & J. J. Reynolds Company against Frederick N. Dreyer. From an order granting an injunction pendente lite, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

Howe & Hummel, for appellant.
Richard L. Sweezy, for respondent.

SEDGWICK, C. J. The plaintiff was engaged in the city of New York and its suburbs, in business as a wholesale dealer in cheese, butter, and groceries; its sales being mainly effected through the medium of salesmen driving over established routes, and supplying goods to grocers doing business in the line of such routes. The defendant entered into the employment of the plaintiff's predecessor as one of its salesmen, driving a wagon over plaintiff's routes; and the defendant contracted with the company, among other things, "that he would not, within the period of six months after his employment in said business should cease, directly or indirectly, engage in business in the city of New York, or within a radius of ten miles from said city, in competition with his said employer, either on his own account or as a servant or employé of others." The defendant afterwards was duly discharged from plaintiff's employment. Since the discharge the defendant has driven a horse and wagon, carrying supplies of the same kind that plaintiff does business in, soliciting customers of the plaintiff on the same routes that he formerly used. The order below enjoined the defendant from continuing this practice.

There is an objection that an injunction will not be granted because the services of the defendant were not unique, special, or ex-

traordinary; premising by saying that this applies to a case where, at the time the injunction is asked, the services are claimed by the plaintiff in the action in his business.    It appears that the plaintiff here asks for no service, and does ask that the defendants shall perform his promise not to compete with it or take away its customers. This objection must be overruled.

Another objection is that the plaintiff took an agreement that $300 deposited with it should be liquidated damages for any breach by defendant.    This objection is invalidated by Diamond Match Co. v. Roeber, 106 N. Y. 473, 13 N. E. 419.

The recital of the order to show cause sufficiently states the grounds of the order of injunction.    An order to show cause why the injunction should not be continued, accompanied by an injunction, may be made ex parte, and it need not be shown by the papers that there is reason for a notice of less than eight days.    The order is affirmed, with $10 costs and disbursements.