(112 App. Div. 652)

## MUTUAL MILK & CREAM CO. v. PRIGGE.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

INFANTS—BREACH OF·CONTRACT—INJUNCTION.

Where an infant 19 years of age, in consideration of employment by a milk company, contracts not to solicit business from the customers of the employer within three years after leaving its employ, an injunction will lie to restrain him from violating the agreement.

Ingraham and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the Mutual Milk & Cream Company against John Prigge. From an order enjoining defendant from soliciting orders for milk and cream, defendant appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Rudolph F. Rabe, for appellant.
Felix H. Levy, for respondent.

LAUGHLIN, J. The plaintiff had a milk route in the city of New York, and on the 15th day of August, 1905, the defendant entered its employ as a driver of a delivery wagon. The duties of the defendant were to deliver milk and cream and collect therefor. On the 31st day of August, 1905, as a condition of continuing in the employ of the plaintiff, the defendant signed a contract in writing, whereby he agreed, among other things, not to solicit business from the customers of the plaintiff or deliver milk or cream to them within three years after leaving its employ. It was agreed that the contract might be terminated on the part of either party by giving to the other one week's notice. The defendant was to receive $13 per week for his services as long as he remained in the employ of the plaintiff, payable semi-monthly. On the 7th day of November, 1905, the defendant without notice or cause severed his connection with the plaintiff, and thereafter entered the employ of a rival milk dealer, and solicited business from the customers of the plaintiff in violation of his agreement. At the time the contract was made the defendant was a minor of the age of 19 years. The action is brought to restrain the defendant from soliciting business from the plaintiff's customers or delivering milk or cream to them during the period of three years succeeding the time he left the employ of the plaintiff. He pleads infancy as a defense.

We are of opinion that the injunction was properly issued. This was an executed contract, the defendant received the benefit of the employment, and, for aught that appears, might have continued indefinitely in the plaintiff's employ thereunder. It does not appear that any undue advantage was taken of him. Although he had not arrived at the ·age at which all contracts with him would be binding, he was of sufficient age to appreciate the nature of this contract, and to know whether or not it was for his benefit. The terms imposed were not unusual or unreasonable. It was a perfectly proper condition for the plaintiff to insist upon as a condition precedent to the employment, or as a condition of continuance thereof, that its employé should not, after becoming ac-

quainted with its customers, leave its employ, and solicit business for another in competition with it. This is not a question of the liability of an infant for damages for a breach of contract. The question presented is whether an infant shall be permitted to repudiate his contract without restoring what he has received thereunder, and, if restoration cannot be made, without being enjoined from making use of the knowledge he gained to the disadvantage and damage of his employer. The ordinary rule is that, although an infant may rescind an executed contract at will, he must restore, or offer to restore, to the party with whom he contracted what he received thereunder. Rice v. Butler, 180 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303, 73 Am. St. Rep. 703; Pierce v. Lee, 36 Misc. Rep. 870, 74 N. Y. Supp. 927. This principle is applicable to the case at bar. Here he cannot surrender to the plaintiff the knowledge he acquired while in its employ concerning its customers and his acquaintance with them, which doubtless enables him to receive greater compensation from a rival dealer; and therefore, as a substitute for restoration, he should be enjoined from making use of that information, in violation of his agreement made at the time when he desired and obtained employment, and upon the faith of which he obtained the information and acquaintance. No case in point arising within this jurisdiction is cited, but a modern English case is cited, showing that this principle has been applied by the courts there. Evans v. Ware (1892) 3 Chan. Div. 502; Fellows v. Wood, 59 Law Term Rep. 513.

It may be said that people should not employ infants where a knowledge may be acquired which may be used disadvantageously to the employer. No man would engage the services of an infant if he could not impose the same condition for his own protection against the use of his formulas, trade secrets, and lists of customers that he could exact of an adult. There appears to be no good reason why infants should be excluded from this class of employment, which would necessarily result if the courts were to hold that the employer has no remedy against a violation of such conditions as those embraced in this contract.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements.

O'BRIEN, P. J., and PATTERSON, J., concur. INGRAHAM and CLARKE, JJ., dissent.