NEW YORK WET WASH LAUNDRY CO. v. UNGER.

(Supreme Court, Appellate Division, First Department.   December 30, 1915.)

INJUNCTION ☞136—BREACH OF CONTRACT BY SERVANT—TEMPORARY RE-
    STRAINT.
        Where defendant, employed by a laundry company to procure cus-
    tomers, under an agreement not to engage in the company's business in
    the borough for a year in any other service, left his employer and solicit-
    ed customers for a rival concern, succeeding in taking away some of his
    old employer's customers, in the first employer's suit to restrain him from
    engaging in the laundry business according to his contract, defendant
    will be enjoined, during pendency of the suit, from soliciting or collecting
    laundry from any person who was a customer of his first employer while
    he was its servant.
        [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306;  Dec.
    Dig. ☞136.]

Appeal from Special Term, New York County.

Suit by the New York Wet Wash Laundry Company against Morris Unger.   From an order denying plaintiff's motion to continue injunction, it appeals.   Order reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and SMITH, JJ.

Louis Boehm, of New York City, for appellant.
John Mithertz, of New York City, for respondent.

PER CURIAM.   Defendant was formerly employed to procure customers for the plaintiff, for which he was paid compensation.   The evidence fairly establishes that employment was for six months, with an agreement not to engage in plaintiff's business in the borough of Manhattan for a year in any other service.   Without apparent cause defendant left plaintiff's service, and is now engaged in collecting wash and soliciting customers for a rival concern, and has succeeded in taking from the plaintiff a number of its customers to its rival.   The action is brought to restrain the defendant from soliciting the plaintiff's customers for its rival, and to restrain him from engaging in the wet wash business for the period of a year, according to his contract.

The order appealed from denied a temporary injunction.   That order should be reversed, and the defendant should be enjoined during the pendency of the action from soliciting or collecting wash from any person who was a customer of the plaintiff while defendant was in its employ.   Mutual Milk & Cream Co. v. Priggs, 112 App. Div. 652, 98 N. Y. Supp. 458;  Mutual Milk & Cream Co. v. Heldt, 120 App. Div. 795, 105 N. Y. Supp. 661;  Reynolds Co. v. Dreyer, 12 Misc. Rep. 368, 33 N. Y. Supp. 649;  Hackett v. Reynolds Co., 30

Misc. Rep. 733, 62 N. Y. Supp. 1076; Davies v. Racer, 72 Hun, 43, 25 N. Y. Supp. 293; Magnolia Metal Co. v. Price, 65 App. Div. 276, 72 N. Y. Supp. 792.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Settle order on notice.