(173 App. Div. 788)

### EASTERN NEW YORK WET WASH LAUNDRY CO. v. ABRAHAMS.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

1. INJUNCTION &⟶56, 60—GROUNDS—RESTRICTIONS ON PARTICULAR EMPLOYMENT.

Injunction pending trial will be granted, where necessary, to restrain an individual from engaging in employment within the time in which by contract he had agreed not to so engage, and to prevent him from disclosing or furnishing to competing firms names or addresses of plaintiff's customers, contrary to his contract.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 110, 117–119; Dec. Dig. &⟶56, 60.]

2. MASTER AND SERVANT &⟶3(1)—EMPLOYMENT—RESTRICTIONS—VALIDITY.

An agreement between plaintiff, in the laundry business, and an employé, providing that upon the termination of defendant's employment he would not engage in the laundry business in any capacity for 18 months,

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and that he would not at any time furnish certain information in regard to plaintiff's customers to others, and that he would not solicit business from plaintiff's customers, *held* valid.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 2; Dec. Dig. ☞3(1).]

Appeal from Special Term, New York County.

Action by the Eastern New York Wet Wash Laundry Company against Jacob Abrahams. From an order denying an injunction pendente lite, plaintiff appeals. Reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Louis Boehm, of New York City, for appellant.
Wessels Ryerson, of New York City, for respondent.

McLAUGHLIN, J. ·This appeal· is from an order denying a motion for. an injunction, pending the action, restraining defendant from continuing in the laundry business and soliciting plaintiff's customers.

[1] The plaintiff is engaged in the laundry business, and on or about the 7th of May, 1915, the defendant entered its employ. At the time he did so he entered into a written agreement, by the terms of which he agreed that for a period of 18 months after the termination of the employment he would not, directly or indirectly, as employer, employé, or otherwise, engage in the wet wash laundry business, or act in aid of the business of any rival or competing person, firm, or corporation within the boroughs of Manhattan, the Bronx, or Queens. He also agreed that he would not at any time disclose or furnish to any competing firm the names or addresses of any of plaintiff's customers, and that he would not solicit or canvass the trade or patronage of such customers for any competing firm. He remained in plaintiff's employ about a year and a half, during which time he filled various positions, collecting bills, soliciting business, and collecting and delivering clothes, thereby becoming acquainted with several hundred of plaintiff's customers. His employment was terminated, and shortly thereafter he entered the employ of the Lion Wet Wash Company, a competitior of the plaintiffs, and was still in such employ at the time the motion was made which resulted in the order appealed from. That fact was admitted, as was also that the defendant had solicited, in the interest of the rival concern, plaintiff's customers. The defendant contends that he was wrongfully discharged, but that is a question which must be determined upon the trial. He, concededly, is now violating his contract by soliciting for a rival concern plaintiff's customers, whose names and addresses he ascertained while in its employ.

[2] Agreements of this character have frequently been before the courts, which have not hesitated, when a clear case was presented, to enforce the same. McCall Co. v. Wright, 198 N. Y. 143, 91 N. E. 516, 31 L. R. A. (N. S.) 249; New York Wet Wash Laundry Co. v. Unger (recently decided by this court) 170 App. Div. 761, 156 N. Y. Supp. 598. The Unger Case is directly in point. See, also, authorities cited in the opinion in that case.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion to continue the injunction during the pendency of the action is granted, with $10 costs. Order filed. All concur.