CLARK PAPER AND MANUFACTURING COMPANY, Plaintiff, *v.* EDWARD D. STENACKER, Defendant.

(Supreme Court, Monroe Special Term, May, 1917.)

Injunctions — pendente lite — facts sufficient to sustain — contracts — pleading.

An injunction *pendente lite* may be granted to enforce a covenant not to enter the employment of another, in a contract for personal services, where the services are unique, special or extraordinary, involve trade secrets or confidential information and the contract is not in restraint of trade, unreasonable, unconscionable or inequitable, and there is no adequate remedy at law.

Motion *ex parte* to vacate injunction *pendente lite*.

Ralph B. Ingalsbee, for motion.

Rodenbeck, J.   This is a motion *ex parte* to vacate an injunction *pendente lite*.   The action is brought to secure an injunction restraining the defendant from violating a contract of employment made with the plaintiff.   A temporary injunction *ex parte* was granted upon the summons and complaint (Code Civ. Pro. § 603) and the motion to vacate the injunction must be decided, therefore, upon the sufficiency of the complaint alone.   An injunction may accompany a summons and become operative upon its service. *People ex rel. Cauffman* v. *Van Buren,* 136 N. Y. 252. The purpose of an injunction *pendente lite* is to prevent acts during the litigation which would preclude the court from granting adequate or proper relief or render nugatory its decree. *Van Veghten* v. *Howland,* 12 Abb. Pr. (N. S.) 461; *Mapleson* v. *Del Puente,* 13 Abb. N. C. 144.   The right to recover in the action, however, must be clear and free from doubt and the necessity urgent. *Strobridge Litho. Co.* v. *Crane,* 12 N. Y. Supp. 898.   There must be a strong probability that the plaintiff will recover. *Mapleson* v. *Del Puente, supra.*   It must appear that the contract is mutual and not indefinite and uncertain (*Metropolitan Ex. Co.* v. *Ward,* 9 N. Y. Supp. 779), that the action cannot be prosecuted to final judgment before the damages are sustained (Id.) and the facts and circumstances showing that the damages will be great or irreparable must be set forth (*Brass* v. *Rathbone,* 153 N. Y. 435).

There are some general rules applicable to injunctions *pendente lite* governing actions upon contracts. With respect to contracts for employment the rule is that courts will not compel performance of positive

covenants in contracts for personal services (*De Riva-finoli* v. *Corsetti*, 4 Paige, 264; *Mapleson* v. *Del Puente, supra*), but will in a proper case enforce a negative covenant against employment elsewhere. Such discretion, however, should be exercised by the court with caution and reluctance (Id.). The general rule with respect to such contracts is that a negative covenant not to enter the services of another will not be enforced by injunction where it is in restraint of trade; where the contract of employment lacks mutuality or is indefinite and uncertain (*Star Co.* v. *Press Pub. Co.*, 162 App. Div. 486; *Witmark & Sons* v. *Peters*, 164 id. 366); where the occupation or services are ordinary and usual; (a) not involving unique, special or extraordinary services which is not the case where a substitute may be obtained who will answer the purposes of the contract (3 Pom. Eq. Juris. § 1343; *Lumley* v. *Wagner*, 1 De G. M. & G. 604; *Magid* v. *Tannenbaum*, 164 App. Div. 142; *Oppenheimer* v. *Hirsch*, 5 id. 232; *Johnston Co.* v. *Hunt*, 66 Hun, 504; *Kessler & Co.* v. *Chappelle*, 73 App. Div. 447; *Carter* v. *Ferguson*, 58 Hun, 569; *Dockstader* v. *Reed*, 121 App. Div. 846; *American League Baseball Club* v. *Chase*, 86 Misc. Rep. 441; *Universal Talking Machine Co.* v. *English*, 34 id. 342; *Daly* v. *Smith*, 49 How. Pr. 150) or (b) not involving trade secrets or confidential information (*McCall Co.* v. *Wright*, 198 N. Y. 143; *Magnolia Metal Co.* v. *Price*, 65 App. Div. 276); where the contract is unreasonable, unconscionable and inequitable (*Davies* v. *Racer*, 72 Hun, 43; *Mutual Milk & Cream Co.* v. *Prigge*, 112 App. Div. 652; *Hackett* v. *Reynolds*, 30 Misc. Rep. 733; *New York Wet Wash L. Co.* v. *Unger*, 170 App. Div. 761; *Mutual Milk & Cream Co.* v. *Heldt*, 120 id. 795; *Eastern N. Y. Wet Wash L. Co.* v. *Abrahams*, 173 id. 788); and (5) where there is an adequate remedy at law for damages which is the

case where the damages are ascertainable and are not great or irreparable or are liquidated (*Carter* v. *Ferguson, supra; Strobridge Litho. Co.* v. *Crane, supra; Magid* v. *Tannenbaum, supra; Johnston Co.* v. *Hunt, supra*).

Under these decisions the defendant is not entitled to have the injunction vacated on this motion. He made a written contract with the plaintiff not to enter the service of any competitor of the plaintiff or solicit orders for a competitor from any of the customers of the plaintiff or to divulge the manner or process of manufacture of any of the articles made by the plaintiff and he has violated this contract and now claims that the contract is void. Its invalidity should be clearly established to the satisfaction of the court either by affidavits or by evidence upon the trial of the case. The complaint alleges the making of the contract and the employment of the defendant by the George Irish Company of Buffalo, N. Y., a competitor of the plaintiff, the soliciting of orders from customers of the plaintiff and the threatened disclosure by the defendant of confidential information relating to the plaintiff's business. The complaint is meager but the facts alleged are sufficient to sustain the injunction. *New York Wet Wash L. Co.* v. *Unger, supra; Mutual Milk & Cream Co.* v. *Heldt, supra; Mutual Milk & Cream Co.* v. *Prigge, supra; Hackett* v. *Reynolds Co., supra; Davies* v. *Racer, supra.* The case also comes within that line of cases where the courts have said that they will restrain a violation of a negative covenant in a contract for personal services where it involves the disclosure of trade secrets or confidential information. *McCall* v. *Wright, supra; Magnolia Metal Co.* v. *Price, supra.* The motion is denied.

Motion denied.