Todd Protectograph Company, Plaintiff, *v.* Theodore Hirschberg, Defendant.

(Supreme Court, Monroe Special Term, June, 1917.)

Injunctions — restraining former employee from continuing in service of competitor of former employer — contracts — services.

> Lists of customers, confidential information and trade methods will be protected by injunction restraining a former employee from continuing in the service of a competitor of his former employer where the employee had contracted not to reveal such matters and not to enter such service within one year after the termination of his contract.

Action for injunction to restrain former employee from revealing trade secrets and continuing in the employment of a competitor.

McGuire & Wood (Hiram W. Wood and J. Sawyer Fitch, of counsel), for plaintiff.

Werner & Harris (Christopher C. Werner and Horace G. Pierce, of counsel), for defendant.

Rodenbeck, J.  This action was brought to restrain the defendant, a former employee of the plaintiff, from

revealing confidential trade information and continuing in the employment of a competitor of the plaintiff. The defendant entered into a written contract with the plaintiff in which he stipulated that he would not reveal any confidential information obtained during his employment and would not enter the employment of a competitor within one year after the termination of the contract. The contract was broken by the defendant and he now claims that the contract is void. At the very outset the defendant is confronted with his contract and with his violation thereof. If the contract is a reasonable one under all the circumstances it should be enforced. The defendant came into possession of the list of plaintiff's customers in the territory where he was assigned and of a scrap-book containing confidential information. He was made acquainted with some new improvements in the devices which were being manufactured by the plaintiff and generally became familiar with the plaintiff's sales system, organization and trade methods. These features formed an important part of the successful operation of plaintiff's business and it was reasonable that it should seek to preserve this information for its own use. Under the common law in the absence of any contract between the parties confidential information and trade secrets could be protected by injunction. The law implies in the relationship between employer and employee an agreement not to reveal such information (*Eastman Kodak Co.* v. *Reichenbach,* 79 Hun, 183, 193) and will restrain an employee from so doing. *Eastern Extracting Co.* v. *Greater New York Extracting Co.,* 126 App. Div. 928. 930. The right to such relief is strengthened where a contract between the parties exists relating to the subject. The specific performance of a contract for personal services will not be enforced (*Mapleson* v. *Del*

*Puente,* 13 Abb. N. C. 144; *Haight* v. *Badgeley,* 15 Barb. 499; *Bronk* v. *Riley,* 50 Hun, 589; *Boyer* v. *Western Union Tel. Co.,* 124 Fed. Repr. 246), but the law is well settled that a negative covenant not to reveal trade secrets or to enter the employment of a competitor will be enforced by injunction. There are numerous cases where a provision in a contract not to engage in a competing business has been enforced (*Reynolds Co.* v. *Dreyer,* 12 Misc. Rep. 368; *Diamond Match Co.* v. *Roeber,* 106 N. Y. 473; *Little* v. *Gallus,* 4 App. Div. 569; *Tode* v. *Gross,* 127 N. Y. 480; *Wood* v. *Whitehead Bros. Co.,* 165 id. 545) and there is no distinction in principle between enforcing such a provision and enforcing one not to enter the employment of a competitor. *McCall* v. *Wright,* 198 N. Y. 143, 151. Such a covenant ever since the case of *Lumley* v. *Wagner,* 1 De G., M. & G. 604, has been frequently enforced. *McCall* v. *Wright, supra; Davies* v. *Racer,* 72 Hun, 43; *Eastern New York Wet Wash L. Co.* v. *Abrahams,* 173 App. Div. 788; *Hackett* v. *Reynolds Co.,* 30 Misc. Rep. 733; *Daly* v. *Smith,* 49 How. Pr. 150; *Duff* v. *Russell,* 39 N. Y. St. Repr. 266; *Hoyt* v. *Fuller,* 19 N. Y. Supp. 962; *Philadelphia Ball Club* v. *Lajoie,* 202 Penn. St. 210; *Gossard Co.* v. *Crosby,* 132 Iowa, 155, 6 L. R. A. (N. S.) 1130. Such a covenant, however, will not be enforced in all cases. It must have been made in a business where it is reasonable to exact such a restriction or the employment must be of such a character as to justify the exaction of such a provision. Where the services are unique, special or extraordinary the covenant will be enforced (*Universal Talking Machine Co.* v. *English,* 34 Misc. Rep. 342, 343; *Kessler & Co.* v. *Chappelle,* 73 App. Div. 447), but also where there are involved lists of customers, confidential information or such other matters as may be embraced under the general term "trade secrets." *Little* **v.** *Gallus; Davies* **v.** *Racer; Eastern New York*

*West Wash L. Co.* v. *Abrahams; Hackett* v. *Reynolds Co.; Daly* v. *Smith; Duff* v. *Russell; Hoyt* v. *Fuller; McCall* v. *Wright, supra.* In this case the defendant was guilty of a breach of his contract but even if this were not so the covenant would be enforced. *Mutual Milk & Cream Co.* v. *Heldt,* 120 App. Div. 795, 796. There is no adequate remedy at law for a violation of such a covenant. *McCall* v. *Wright, supra.* The plaintiff is entitled to a decree.

Ordered accordingly.