J. & J. G. WALLACH LAUNDRY SYSTEM, INC., Plaintiff,
*v.* GEORGE FORTCHER et al., Defendants.

(Supreme Court, New York Special Term, November, 1921.)

Contracts — unfair competition — former employee — injunction.

> In an action to enforce a covenant in a contract that defendant upon leaving the employ of plaintiff, who was engaged in the laundry business, would not in any way solicit plaintiff's customers or engage in a competitive business on his former route for a period of two years, an injunction *pendente lite* will be granted.

MOTION for injunction.

Prince & Nathan (Leon M. Prince and Sydney J. Loeb, of counsel), for plaintiff.

Jacob Weinberger, for defendant Fortcher.

HOTCHKISS, J.   The laundry business has been fruitful of actions similar to the present.   Defendant was employed by plaintiff as a driver and solicitor and was assigned to a specific route.   His services were such as permitted him to gain an intimate knowledge of plaintiff's customers within the district assigned to him, and he covenanted that upon leaving the plaintiff's employ to surrender to plaintiff a full list of its customers upon defendant's route; that he would not solicit, directly or indirecly, similar work from any of the plaintiff's customers, and that for a period of two years after the termination of his services with the plaintiff he would not, directly or indirectly, engage in the laundry business within a prescribed district — to wit, the route upon which he had served.   This action is brought to enforce said cove-

nant not to solicit plaintiff's customers or to engage
in the laundry business, and by this motion plaintiff
seeks an interlocutory injunction until the trial of the
case.   The term of defendant's employment is not
stated.   He could have been discharged the day after
his service began and still be under his agreement not
to solicit plaintiff's customers or engage in a competi-
tive business on his former route for two years.   But
mutuality of obligation is apparently unnecessary for
the enforcement of the negative covenants of an em-
ployee in a contract of employment.   *McCall Co.*
v. *Wright,* 198 N. Y. 143.   Still, the reasonable-
ness of such covenants is a condition of their
recognition by a court of equity.   *Diamond Match
Co.* v. *Roeber,* 106 N. Y. 473; *Morris* v. *Saxelby,
post.*   If the restraining covenants be too broad,
if divisible it has been held that the valid por-
tion may be enforced.   Thus, where the restraint
covers an excess of territory (*Smith's Appeal,* 113
Penn. St. 579; *Trenton Potteries Co.* v. *Oliphant,* 58
N. J. Eq. 507), or the number of occupations is too
great.   *Bromley* v. *Smith,* 1909, 2 K. B. 235.   Divisi-
bility of an entire contractual period of restraint
would seem to be difficult, if not impossible.   Recent
English cases show a reluctance to enforce such con-
tracts and have raised doubts as to the rule of sever-
ance.   *Attwood* v. *Lamont,* 1920, 3 K. B. 571; *Morris* v.
*Saxelby,* 1916, 1 A. C. 688; *Goldsoll* v. *Goldman,* 1914,
2 Ch. 603, 613; *Mason* v. *Provident Clothing, etc., Co.,*
1913, A. C. 724.   Although it cannot by any means be
said that the law is settled (see *Attwood* v. *Lamont,
supra*), I think the proof here of the reasonableness of
the contractual period of restraint is ample to bring
the case within *Eastern N. Y. W. W. L. Co.* v. *Abra-
hams,* 173 App. Div. 788; *New York W. W. L. Co.* v.
*Unger,* 170 id. 761; *Davies* v. *Racer,* 72 Hun, 43.   These

cases and those cited in the opinions must, until there has been a different expression of the law by the Court of Appeals, be accepted as binding by courts of first instance.

Motion granted.