New York Linen Supply & Laundry Co., Inc., Plaintiff, *v.* Abraham Schachter and Another, Defendants.

Supreme Court, New York County, July 9, 1925.

Master and servant — injunction — application for temporary injunction in action to restrain former employee from soliciting plaintiff's customers — employee agreed not to solicit plaintiff's customers or to engage in same business for period of five years after discharge — failure of plaintiff to establish reasonableness of five-year covenant precludes relief prior to trial.

Plaintiff, with whom defendant employee agreed not to solicit plaintiff's customers at the end of his employment irrespective of time or cause, and further agreed not to engage in the same business for a period of five years after the termination of said employment, is not entitled to a temporary injunction prior to the trial of an action to restrain said employee and his present employer from soliciting plaintiff's customers, in the absence of any convincing proof of the reasonableness of the agreement by which said employee stipulated to refrain from engaging in the same business for a period of five years.

Motion by plaintiff for temporary injunction in action to restrain a former employee and his present employer from soliciting the plaintiff's customers.

*Alfred B. Nathan*, for the plaintiff.

*Hendrick & Hendrick* [*John H. Hendrick* of counsel], for the defendants.

Levy, J.:

Plaintiff seeks an injunction to restrain a former employee and his present employer from soliciting the plaintiff's customers. The

principal defendant, Schachter, was employed as a driver for an indefinite period at a salary of thirty dollars per week, with the proviso that at the end of his employment, irrespective of the time, manner or cause of its termination, he would not solicit the customers of his former employer; that he would not engage in the same business for a period of five years. Schachter was discharged for good cause as claimed by the plaintiff, wrongfully as contended by him, and thereafter obtained employment with his codefendant. Under the authority of *Eastern N. Y. W. W. L. Co.* v. *Abrahams* (173 App. Div. 788) an injunction must be granted in a clear case of this character, irrespective of the dispute as to the wrongfulness of the discharge. If the period of restraint upon the employee after the termination is reasonable there is such a clear case and the negative covenant will be enforced. At the same time, the reasonableness of such covenants is always a condition of their recognition by a court of equity. (*Diamond Match Co.* v. *Roeber*, 106 N. Y. 473.) Certain English cases recently determined indicate a reluctance to enforce such contracts. (*Attwood* v. *Lamont*, L. R. [1920] 3 K. B. 571; *Morris* v. *Saxelby*, L. R. [1916] 1 A. C. 688; *Goldsoll* v. *Goldman*, L. R. [1914] 2 Ch. 603; *Mason* v. *Provident Clothing, etc., Co.*, L. R. [1913] A. C. 724.)

In *Wallach Laundry System* v. *Fortcher* (116 Misc. 712) the court held that the two-year contractual period of restraint was reasonable and brought the case within the rule of the *Abrahams Case* (*supra*) in which the period was eighteen months. In the instant case I cannot say that the plaintiff has established a clear and convincing claim of the reasonableness of the covenant extending for five years. Under the circumstances, I think that the granting of injunctive relief should await the trial of the action.