EAGLE DAIRY CO v DYLAG et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10160. Decided May 20, 1929

Sidney N. Weitz and Peter E. Klein, both of Cleveland, for Dairy Co.

Boer, Arnold & Tobias, Cleveland, for Dylag et.

**VICKERY, PJ.**

It is not necessary for us to go into the question at length as to the legality or validity of contracts of this kind, for it is admitted in this lawsuit that the defendant Mike Dylag was, and is, and at all times has been, a minor; that is, that he was a minor when this contract with The Eagle Dairy Company was made and is still a minor, and the question is whether such a contract as the one at bar can be rescinded by a minor at any time he sees fit before majority. We think the law of the rights and obligations and duties of a minor are set forth, so far as Ohio is concerned, in the case of **Lemon vs. Beeman, 45 O. S. 50 (1888),** which has gone as far as any case in the United States and marks out the rights and liabilities of a minor. That a minor's contract is a voidable contract goes without saying, and in the case of Lemon vs. Beeman, supra, the Supreme Court of Ohio held that a minor can withdraw from a contract without placing the other party in statu quo, unless he has the article that he purchased or can put the other party in statu quo, but that is not a condition precedent. If he cannot put the other person in statu quo, he can still withdraw from his contract. Now that is the law of Ohio to-day.

Applying that doctrine to the instant case, what do we find? In what way could Mike Dylag put the other person in statu quo. It must be remembered that he did not sell the business that the plaintiff acquired, nor had he any interest in it. It must be admitted likewise that he is not disposing of any of the secrets or business that he had got from the plaintiff, for if we understand this record right, the business that he is now taking to his new employer was business that he took as an employee to the plaintiff company and it was not the business of the plaintiff company that he is taking away from them.

We think on the whole record, aside from the difficulty of enforcing an injunction, that the plaintiff is not entitled to an injunction against either defendant for the reason that it made a contract with an infant and the infant can rescind that contract at any time before he becomes of age, and when he retired from the employment of the plaintiff he rescinded the contract and he was clearly within his rights for there was nothing that he got from the plaintiff that he was not called upon to put the other party in statu quo, even if it was the law that he must put the other party in statu quo, which is not true, according to the rule laid down in the case of Lemon vs. Beeman, supra.

We, therefore, can come to no other conclusion than that there must be a decree entered for the defendants.

Decree for defendants.

Sullivan and Levine, JJ, concur.