## CITY ICE & FUEL COMPANY v MacDOWELL

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12733.  Decided May 23, 1932

Cannon, Spieth, Taggart, Spring and Annat, Cleveland, for Appellee.

Sidney H. Moss, Cleveland, for Appellant.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

MONTGOMERY, J.

The defense of MacDowell to the petition for an injunction was that he was a minor and not bound by his contract, and the only question in the case is whether or not an injunction can issue against a minor under such a state of facts as is set forth, and whether or not a minor can, under such circumstances, disavow his contract, or upon what conditions will he be permitted to disavow it.

The general principle was laid down by the Supreme Court of Ohio in **Curtiss v McDougal, 26 Oh St page 66,** and on pages 74 and 75 the court says:

"Without stopping to discuss the general disabilities or privileges of infancy, we hold that where an infant purchases a chattel, and at the same time, and in part performance of the contract of purchase, executes a mortgage on the purchased property to secure the payment of the purchase-money, it is not within the privileges of infancy to avoid the security given without also avoiding the purchase. If, in such case, the infant would rescind a part, he must rescind the whole contract, and thereby restore to his vendor the title acquired by the purchase.

"The privilege of infancy may be used as a shield, but not as a sword. And in such case, if the infant sells the mortgaged property, the purchaser takes it subject to the mortgage."

The appellant relies upon the case of **Eagle Dairy Co. v Dylag, 33 Oh Ap, 113, (7 Abs 358).**

The decision in that case is to the effect that a minor can withdraw from a contract without placing the other party in statu quo where it is impossible to do so.

The court, in its opinion, distinguishes the case of Mutual Milk and Cream Company v Prigge, 112 App. Div., 652, 98 N.Y.S., 458. In the latter case an infant was enjoined, the fact showing that while he was in the employ of the Company he had learned its customers and the secrets of the employer, and then undertook to take those customers to a new employer, in violation of his contract.

The Curtiss v McDougal case is much more parallel to the case at bar than is the Dylag case. Reasoning by analogy from the holding of the Supreme Court in the case of Curtiss v McDougal, it is the judgment of this court that a minor should not at the same time be permitted to terminate his contract and to take advantage of what he has learned and obtained during the time of his employment. While he undoubtedly has a right to avoid his contract on the ground of infancy, a court should not be a party to permit him to avoid it and at the same time reap the benefit and not do what is within his power to restore the other party to the position in which it stood at the time of entering the contract. While, strictly speaking, the employer cannot be restored to the position in which it was at the inception of the contract, or, as stated in the Dylag case, be placed in statu quo, the employee may nevertheless do this approximately by depriving himself, or being deprived of the advantage which he may have gained by the contract. It is just and right that he be not permitted to take advantage of the customer's lists given him as an employee for the prosecution of the business of the employer.

It is the judgment of this court that the same finding be made as was made in the Court of Common Pleas, and there will be a decree accordingly.

Motion for a new trial, if filed, may be overruled. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.