ALEXANDER SIMONS, Individually and as a Stockholder of SIMONS FURNITURE Co., INC., Respondent, *v.* JOSEPH FRIED et al., Appellants.

Argued February 26, 1951; decided April 12, 1951.

*Leslie Kirsch* for appellants. I. The restrictive sentence has as a matter of law been unreasonably construed in respect to its implied territorial extent. (*Matthews* v. *Associated Press of State of N. Y.,* 136 N. Y. 333.) II. The restraint must be coextensive only with the interest to be protected. (*Diamond Match Co.* v. *Roeber,* 106 N. Y. 473; *Davis* v. *A. Booth & Co.,* 131 F. 31; *Goldstein* v. *Maisel,* 271 App. Div. 971.) III. The restraining sentence in question is void because it was not ancillary to the sale of a business or to the transfer of good will or other property or to any other transaction dependent on it for its effectiveness. (*Brett* v. *Ebel,* 29 App. Div. 256; *Ru Ton* v. *Everitt,* 35 App. Div. 412; *Lynch* v. *Bailey,* 275 App. Div. 527, 300 N. Y. 615; *Wood* v. *Whitehead Bros. Co.,* 165 N. Y. 545; *United States* v. *Addyston Pipe & Steel Co.,* 85 F. 271; *Vancouver M. & S. B. Co. Ltd.* v. *Vancouver Breweries, Ltd.,* [1934] A. C. 181.) IV. The judgment appealed from erroneously disregards the express time limitation in the restrictive sentence. It also erroneously grants specific performance of the entire third agreement. (*Hartung* v. *Hilda Miller, Inc.,* 133 F. 2d 401; *National Labor Relations Bd.* v. *Express Pub. Co.,* 312 U. S. 426; *Lyon* v. *Botchford,* 25 Hun 57.)

*Joseph Leary Delaney, Edward S. Menapace* and *Lee Feltman* for respondent. I. The paragraph numbered 3 of the agreement is a reasonable and valid provision accurately representing the parties' intention when the agreement was made, and is not in restraint of trade, and does not impose an unreasonable restriction upon the parties. (*Kinsman* v. *Parkhurst,* 18 How. [U. S.] 289; *Matter of International Match Corp.,* 20 F. Supp. 420; *Matthews* v. *Associated Press of State of N. Y.,* 136 N. Y. 333.) II. The individual defendants having willfully and deliberately violated paragraph 3 of the agreement, the Appellate Division properly affirmed the trial court's judgment enjoining said defendants from violating such agreement and compelling specific performance thereof.

LOUGHRAN, Ch. J. There is a public policy which in general holds competent contracting parties to bargains made by them with their eyes open. There is, however, an antagonistic public policy which proscribes any contract that would bring about an unreasonable restriction of the liberty of a man to earn

his living or exercise his calling (see General Business Law, § 340). Whether the last-stated policy condemns a contract which is here before us is the question now to be determined.

The contract was made in 1947. There are four parties thereto, namely, Betty Fried and her husband Joseph Fried, Alexander Simons and the Simons Furniture Co. Inc., a domestic corporation which operates a retail furniture and appliance store at Flushing, New York. None of the individual parties is under any obligation to work for the Simons Furniture Company. When the contract in question was made, the Frieds owned one half of the issued stock of that company and Alexander Simons owned the other half thereof.

The contract makes these provisions: " So long as the parties of the first, second and third parts [the Frieds and Alexander Simons] or the wife of the party of the third part, Florence Simons, are stockholders of the corporation [the Simons Furniture Company], neither of them shall become interested, directly or indirectly, either as an employee, owner, partner (dormant or otherwise) as agent, or as stockholder, director or officer of a corporation or otherwise, in any business similar to the business transacted by the corporation [the Simons Furniture Company]. In the event that the parties of the second or third parts [Joseph Fried and Alexander Simons] should sell, assign, hypothecate, transfer or pledge their interest in and to the stock of the corporation to their wives, Betty Fried and Florence Simons, respectively, neither of the parties of the second or third parts [Joseph Fried and Alexander Simons] shall become interested, directly or indirectly, either as an employee, owner, partner (dormant or otherwise) as agent, or as stockholder, director or officer of a corporation or otherwise, in any business similar to the business transacted by the corporation [the Simons Furniture Company]. * * * Any party to this agreement shall have the right to restrain by injunction any breach or threatened breach of this agreement by any of the other parties hereto, and any of the parties to this agreement shall have the right to compel specific performance of the terms of this agreement."

In September, 1949, Joseph Fried organized and became a stockholder of Parsippany Showroom, Inc., a corporation which then began to conduct a business in the course of which furniture

and appliances were sold at retail in Parsippany, New Jersey. Since the Frieds then still owned half of the issued stock of the Simons Furniture Company, Alexander Simons brought this action to restrain them from engaging in their Parsippany business and to compel them specifically to perform their covenant not to become interested in any business similar to the business of the Simons Furniture Company, so long as they were stockholders of that company. A judgment to that effect was granted to Alexander Simons by the court at Special Term. The Appellate Division affirmed, one Justice dissenting and the Frieds then brought the case here, joining the Simons Furniture Company with them as appellant.

The contract in suit permits a sale by the Frieds of their stock in the Simons Furniture Company provided they first offer to sell that stock to Alexander Simons who, if he elects to buy it, must pay a price to be fixed in accordance with a stipulated method of valuation. Thus the Frieds have only to dispose of their Simons Company stock in accordance with the contract and they will then be wholly free to engage or invest in any lawful business anywhere.

The Frieds are not wanting in understanding. No fraud or imposition was practiced upon them by Alexander Simons. The contract in question was carefully drawn. We find therein no element of unfairness. The Frieds ought therefore to be held to their bargain.

The judgment should be affirmed, with costs.

Lewis, Conway, Desmond, Dye, Fuld and Froessel, JJ., concur.

Judgment affirmed.