NATALIE MARTIN, Plaintiff, *v.* GEORGE H. MARTIN, Defendant.

Second Department, March 24, 1958.

*Michael T. Dahowski* for plaintiff.

*Bernard J. McCoy* for defendant.

WENZEL, J. On December 29, 1955, the parties, then residents of Poughkeepsie and married to each other, entered into a separation agreement. On June 29, 1956 the parties, then still

residents of Poughkeepsie, entered into a supplemental agreement modifying the prior separation agreement. That supplemental agreement, with the exception of paragraph " 2 " thereof, was to take effect only in the event that the wife, plaintiff herein, obtained a divorce within two months thereafter. That paragraph provides: " 2. The first party agrees that not later than July 2, 1956, he will cease to reside at the Nelson House in the City of Poughkeepsie, New York, will surrender his room at said Hotel and remove therefrom, and will immediately establish his actual place of residence and abode at some place outside the limits of the City of Poughkeepsie, New York. In the event said decree of divorce is granted, the first party will not at any time thereafter re-establish a residence in or reside at any place in said City of Poughkeepsie as long as the second party shall reside in said City. In the event said decree of divorce is not so granted within the period of two months from the date hereof, the first party may re-establish his residence in the City of Poughkeepsie and actually reside therein."

Thereafter the husband, defendant herein, instituted an action for divorce in Nevada in which action the wife counterclaimed for divorce. On August 23, 1956 she obtained a decree of divorce which provided that the parties were restored to the status of unmarried persons and that the written agreements of December 29, 1955 and June 29, 1956 were ratified, approved and adopted by the court.

On July 1, 1956 defendant moved to Ulster County and resided there until September 14, 1956. Since that date he has resided in Poughkeepsie and now resides there with his present wife, a resident of Poughkeepsie since May, 1956. He has been a member of the Zoning Board of Appeals of the City of Poughkeepsie for several years and is still a member. He never resigned his position on that board.

The controversy submitted is whether plaintiff may enforce the quoted provision of the supplemental agreement, which purports to bar defendant from re-establishing residence in Poughkeepsie, and the divorce decree incorporating it, or whether said provision is void and unenforcible.

There are factual statements in the briefs which are not contained in the agreed statement of facts. On the submission of a controversy such as this, the court may only interpret and define the effect of the agreed facts. It may not draw inferences from the stipulated facts, nor may it consider statements in the briefs (*Goodman* v. *Hyman*, 2 A D 2d 751; *Satz* v. *Crimswal Realty Corp.*, 286 App. Div. 1023). It does not appear from

the statement of facts that plaintiff sustained any damage by reason of defendant's residence in Poughkeepsie. The attention of counsel is called to the fact that the submission of controversies upon agreed statements of fact should indicate the judgments to be rendered (*L. L. F. Realty Co.* v. *Fell,* 278 App. Div. 831).

In general, public policy holds competent contracting parties to bargains made by them, freely and voluntarily, and requires the courts to enforce such agreements. The interests of society and public policy require the utmost freedom of contract, within the law (*Simons* v. *Fried,* 302 N. Y. 323, 324; *Diamond Match Co.* v. *Roeber,* 106 N. Y. 473, 482–483). However, there is an antagonistic public policy which proscribes any contract that is in violation of statute, *malum in se,* contrary to fundamental rights or otherwise against public policy, and which precludes enforcement thereof by the courts (*Simons* v. *Fried, supra;* *Pattison* v. *Pattison,* 301 N. Y. 65; *Flegenheimer* v. *Brogan,* 259 App. Div. 347, affd. 284 N. Y. 268; *Michalowski* v. *Ey,* 4 A D 2d 694; *Kaumagraph Co.* v. *Stampagraph Co.,* 235 N. Y. 1).

We shall assume but not concede that an agreement between a husband and wife, conditioned upon their subsequent divorce, requiring him to terminate his residence in a city where he has firm roots, and barring him from re-establishing residence therein so long as she resides in such city, which agreement is incorporated into a subsequent foreign decree of divorce, is not in and of itself void and unenforcible as against public policy. Nevertheless, a court of equity will not enforce such an agreement, restricting him in his personal liberties and freedom of movement, when the enforcement thereof would bar him from residing in the city where he has such firm roots, would presumably bar his present wife from residing in the city where she resided prior to her marriage, and where the former wife has not sustained any legal damage from the alleged breach of the agreement (see, e.g., *Kaumagraph Co.* v. *Stampagraph Co., supra;* *Clark Paper & Mfg. Co.* v. *Stenacher,* 236 N. Y. 312). The remedy of injunction or specific performance to compel defendant to abide by his negative covenant is not necessary to protect plaintiff's property interests, and it would be unreasonable, unjust and oppressive to defendant (cf. *Foster* v. *White,* 248 App. Div. 451, 453, affd. 273 N. Y. 596).

There is a further reason why plaintiff may not enforce the supplemental agreement as to defendant's residence. On September 5, 1956, the parties, after the divorce decree was entered and before defendant re-established his residence in

Poughkeepsie, entered into an agreement modifying the two prior agreements. That agreement, which was signed by plaintiff, refers to defendant as residing in Ulster County, New York. By that agreement, defendant assigned certain property to plaintiff; the prior written agreements were modified, and defendant's financial obligations under the prior agreements were terminated. There was a provision therein that plaintiff, the defendant's former wife, "does hereby release and discharge the former husband of and from any and all further claims, demands, liabilities or obligations of the former husband to the former wife, of, under or in respect to said agreement dated December 29, 1955, said supplemental agreement dated June 29, 1956, and said decree of divorce."

The parties complied with that last agreement. There is no statement that fraud or duress was involved in its execution. That last agreement released defendant from all obligations and agreements as to residence.

There is no need to pass upon defendant's contention that the supplemental agreement was a contract to alter or dissolve a marriage, in violation of section 51 of the Domestic Relations Law and therefore void (but see *Schacht v. Schacht*, 295 N. Y. 439; *Miller v. Miller*, 271 App. Div. 974). Nor is there any need to pass upon his contention that the New York courts will not enforce the Nevada divorce decree (which is entitled to full faith and credit) through equitable remedies because the decree was not obtained on the ground of adultery.

Judgment should be directed for defendant, without costs, declaring that plaintiff may not enforce paragraph "2" of the supplemental agreement dated June 29, 1956, nor so much of the Nevada divorce decree as incorporates that provision.

Present—NOLAN, P. J., WENZEL, BELDOCK, MURPHY and KLEINFELD, JJ.

Judgment unanimously directed for defendant, without costs, declaring that plaintiff may not enforce paragraph "2" of the supplemental agreement dated June 29, 1956, nor so much of the Nevada divorce decree as incorporates that provision.