Henry A. Hudson, J.
The plaintiff has instituted this action against the defendant for a permanent injunction restraining the defendant for a period of one year ending November 11, 1959 from entering the employ or service of the Industrial Electronics Corporation, a competitor of the plaintiff, or any other rival concern engaged in the same line of business as the plaintiff.
Plaintiff further seeks a temporary restraining order so enjoining the defendant pending the trial of the action.
Plaintiff also seeks to recover damages for any loss sustained by reason of the alleged violation of the contract between the *1086 parties relating to the employment of the defendant by plaintiff as wed as such other and further relief as to the court may seem just and proper.
On instituting the action, the plaintiff brought on, by order to show cause, an application for a temporary injunction restraining the defendant from entering into or continuing in the employ or service or otherwise acting in aid of the business of the Industrial Electronics Corporation or any other rival concern engaged in the same kind of business as the plaintiff, pending the trial.
The defendant made a cross motion pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for the dismissal of the plaintiff’s complaint on the ground that the same does not state facts sufficient to constitute a cause of action. Annexed to the plaintiff’s complaint and made a part thereof were the contracts between the parties designated as “ sales representative contract ”, Exhibit 1 being dated November 9, 1953 and Exhibit 2 being dated April 24,1956. It is alleged that Exhibit 2 superseded Exhibit 1 as of the date thereof. It is undisputed that the defendant was in the employ of the plaintiff as salesman from 1953 up to the month of November, 1958; that during such time the defendant was the exclusive sales representative of the plaintiff within the Counties of Oswego, Jefferson, St. Lawrence, Lewis, Clinton, Hamilton, Essex and Franklin and parts of Herkimer and Oneida Counties. As such exclusive sales representative, the defendant was entitled to commissions upon all orders for its products sold and shipped into the exclusive sales territory set apart for the defendant under the contract. Specific provision for the payment of compensation was contained in the contract subject to the right reserved to the plaintiff under certain conditions to make changes in the schedule of commissions, payments, bonus payments and prices to be charged. Any such change, however, was required to apply generally to all sales representatives of the company. The contract provided that the term of employment covered by the contract was one year but that the same would be considered to continue in full force and effect unless either party notified the other to the contrary within 30 days of the expiration date of such contract or that such contract could be terminated by either party at any time by giving to the other 90 days ’ notice of the intention to so terminate it. The right was also reserved to the company to terminate the contract for certain specific violations of the terms of employment without notice.
*1087 Under the provisions of paragraph 11 of the contract, a restriction was placed upon and accepted by the sales representative, of employment in competition with the plaintiff for a period of one year after the termination of Ms employment. The sales representative also acknowledged the secret and confidential nature of certain customer’s lists, information and knowledge of the company’s business. Paragraph 11 of said contract reads as follows: “11. The parties recognize that
the Sales Representative, through his association with the business of the Company, has come into possession of important information and knowledge of the Company’s business, including customers lists, or that he may be expected to do so in the future, and the Sales Representative agrees that such information and customers lists are of a secret and confidential nature. The Sales Representative will, under no circumstances, make any such information or knowledge available to any individual, firm or corporation other than the Company. The Sales Representative further agrees that during the term of his employment hereunder and for a period of one (1) year after the termination thereof for any reason whatsoever he will not in any way, directly or indirectly, solicit, divert, take away or attempt to solicit, divert or take away any of the present customers of the Company or any customers of the Company who shall become such during the term of his employment, or seek to cause any such customer to refrain from patronizing the Company or assist any other person or persons so to do during the same period. The Sales Representative further agrees that during the period of one (1) year following the termination of his employment hereunder for any cause whatsoever, he will not within the territory assigned to him at such termination and any other territory which may have been assigned to him, prior to such termination become employed by, or active on behalf of any person, firm or corporation engaged in the business of selling or distributing any of the products sold by the Company during the course of his employment, and that he will not in any way engage in competition with the Company within said territory.”
Many of the facts pertinent to a consideration of the motions presently befor.e the court are not seriously disputed. It appears from the moving papers, and I believe is undisputed, that the defendant terminated his employment November 11, 1958, by letter addressed to the plaintiff on that date. He retained the list of customers which had been turned over to him by the plaintiff at the time of his employment together with the names of such other customers acquired by Mm during *1088 the period of his employment by the plaintiff, claiming that such list of customers belonged to him as his own personal property and refused to turn the same over. The defendant entered the employ of the Industrial Electronics Corporation, a direct competitor of the plaintiff in November, 1958 and as an employee of Industrial Electronics Corporation, solicited a large number of the former customers of the plaintiff whom he had solicited and serviced during his employment by the plaintiff. Although it does not appear in the moving papers, it was conceded by the defendant upon the argument of the motion, that his employment by the Industrial Electronics Corporation was not in the capacity of a sales representative or salesman in the sense that he had formerly been employed by the plaintiff but rather that he had been employed by Industrial Electronics Corporation as their New York State sales manager. In such capacity he was in charge of salesmen over the entire State of New York including the territory in which he had had exclusive representation as sales representative for the plaintiff. It appears from the moving papers and was not disputed that the defendant solicited former customers of the plaintiff and did so in company with a salesman of the Industrial Electronics Corporation whom he was training to solicit business in such territory and whom he introduced to his former customers of the plaintiff as qualified to supply them with the products manufactured and sold by the plaintiff and the Industrial Electronics Corporation. The products in question are fluorescent and incandescent light bulbs and tubes used almost entirely by commercial and industrial concerns and being sold under a long-life guarantee.
I will first take up the defendant’s cross motion to dismiss the plaintiff’s complaint inasmuch as a determination of such motion in favor of the defendant would make a determination of the plaintiff’s motion unnecessary. •
The defendant urges that the contract annexed to the complaint is unenforeible and void for the reason that it is indefinite, uncertain and lacking in mutuality and in any event is unenforeible and void as being in restraint of trade and in violation of section 340 of the General Business Law. The defendant urges that the contract is indefinite and uncertain in that the contract permits the employer to discharge the employee for practically any cause at any time and that consequently the employee has no guaranteed term of employment that could be enforced. Further it is urged that the contract fails to provide any definite salary or commission schedule *1089 and that the employer is given the right thereunder to alter the rate of the employee’s pay and to reject orders and by reason thereof it is urged by the defendant that there is no mutuality of obligation in that the employee is without any assurance of the period of his employment or the amount of his compensation while on his part he is bound thereby to accept employment and to refrain from employment in the same line of business upon the termination of the contract. The defendant relies upon Clark Paper & Mfg. Co. v. Stenacher (236 N. Y. 312) and McCall Co. v. Wright (198 N. Y. 143).
The Clark case involved a contract of employment which did not specify the period of time covered by ¿he contract and the decision turned upon that point.
The McCall case, while enunciating the general proposition, that employment contracts which are indefinite, uncertain and lacking in mutuality because they give the employer the right to terminate a contract at any time without protection to the employee, are unenforcible, nevertheless, in my opinion, supports the validity of the contract with which we are here concerned and which is annexed to the complaint. It seems to me that in the present case the period of employment is well defined, namely, one year. The contract specifically provides for its continuation from year to year unless either party notifies the other within 30 days of an election to terminate the contract. Provision is also made that either party may terminate the contract at any time by giving the other party 90 days’ notice of election so to do. These provisions are usual and would appear to be reasonable and fair to both parties. It is true that the contract provides that the employer may terminate the contract if it considers that the employee has violated certain specified rules of conduct or procedure. Should the employer exercise any right under these clauses, improperly or unjustly, the employee would have a remedy for damages for wrongful discharge.
The defendant next urges that he has no benefits or rights under the contract and that, therefore, the contract is unenforicble because it is illusory in character and lacking in mutuality. It appears to the court that the provisions of the contract giving the employee the exclusive territory set forth therein; providing that he is entitled to compensation for aE sales of his employer’s products within the territory, whether made by him or otherwise, and providing that his rate of compensation shall be at the same rate paid to all other similar sales representatives, gives to him very substantial benefits *1090 and rights which support any obligation assumed by him. I am, therefore, of the opinion that the contract is not void for indefiniteness, uncertainty or lack of mutuality.
I will next consider the contention of the defendant that the contract is unenforcible as being in restraint of trade, contrary to public policy, and in violation of section 340 of the General Business Law. While, it may well be that upon a trial of this action, it will be found that the provisions of paragraph 11 of the contract, Exhibit 2, annexed to the complaint which reads as follows: “ The Sales Representative further
agrees that during the term of his employment hereunder and for a period of one (1) year after the termination thereof for any reason whatsoever he will not in any way, directly or indirectly, solicit, divert, take away or attempt to solicit, divert or take away any of the present customers of the Company or any customers of the Company who shall become such during the term of his employment, or seek to cause any such customer to refrain from patronizing the Company or assist any other person or persons so to do during the same period ’ ’ — are too broad in their scope because they would appear to restrain the defendant from engaging as a salesman in his particular line of business in any territory in the United States in which the plaintiff does business and, to such extent, would be unenforcible, nevertheless, the other provisions of paragraph 11 of the contract might well be found, upon such trial, to be enforcible as between the parties particularly the provision thereof which restricts the employment of the defendant within the territory assigned to him under the contract for a period of one year after the termination of his employment thereunder. In my opinion the authorities recognize the enforcibility of contracts of employment which are reasonably limited as to the time limit of the restriction and the area covered by the restriction. (McCall Co. v. Wright, 198 N. Y. 143, supra; Todd Protectograph Co. v. Hirschberg, 100 Misc. 418; General Business Law, § 340.)
I do not feel that the contract provision in question is contrary to public policy or in restraint of trade and, therefore, in violation of section 340 of the General Business Law. The defendant’s motion to dismiss the plaintiff’s complaint under subdivision 4 of rule 106 is denied.
I will next consider the application of the plaintiff for a temporary injunction. As I have previously pointed out, the defendant entered the employ of the plaintiff in 1953 and continued in such employ until November, 1958. The terms of his *1091 employment were covered by the contracts, Exhibits 1 and 2, annexed to the complaint. The exclusive territory granted to the defendant under the provisions of both contracts was clearly and definitely set forth. No claim of breach of contract has been made by the defendant. Both contracts specifically provide that the sales representative agreed that information and knowledge of the company’s business, including customers’ lists are of a secret and confidential nature. The contract, Exhibit 2, under which the defendant was employed for the last two and a half years contains the specific provision that he would not, for a period following the termination of his employment, become employed by or active on behalf of one engaged in the business of selling or distributing products of his employer within the territory assigned to him under the contract. He also agreed to give 90 days’ notice of the termination of his employment and to surrender any list of customers which had been turned over to him including any customers obtained by him thereafter. It is contended by the plaintiff that such actions on the part of the defendant constitute a breach of the contract by him and it was not disputed that the defendant did violate those provisions of the contract. The moving papers set forth specific instances wherein the defendant did solicit many of the customers whom he serviced on behalf of the plaintiff during his employment in the territory exclusively reserved to him under his employment contract and such solicitation occurred almost immediately following the termination of his employment with plaintiff. This was not denied by the defendant.
It appears to the court that the action of the defendant comes clearly within the equitable principles laid down in McCall Co. v. Wright (supra) and the many cases which have followed the pertinent general principles of law laid down thereunder. (See, also, Foster v. White, 248 App. Div. 451, affd. 273 N. Y. 596; Clark Paper Mfg. Co. v. Stenacher, supra; Todd Protectograph Co. v. Hirschberg, supra.)
As I have previously indicated, I do not believe that the plaintiff is entitled to any injunctive relief of a temporary nature to enforce the provisions of paragraph 11 of the contract, Exhibit 2, annexed to the complaint which provides that he shall not for a period of one year after the termination of the contract, solicit, divert, take away or attempt so to do any of the present customers of the company, or any customers who shall become such during the term of his employment. I do believe, however, that the plaintiff is entitled to a tempo *1092 rary injunction pending the trial of this action in respect to that portion of paragraph 11 of the contract, Exhibit 2, annexed to the complaint, which reads as follows: “ The Sales Representative further agrees that during the period of one (1) year following the termination of his employment hereunder for any cause whatsoever, he will not within the territory assigned to him at such termination and any other territory which may have been assigned to bfm prior to such termination become employed by, or active on behalf of any person, firm or corporation engaged in the business of selling or distribution of any of the products sold by the Company during the course of his employment, and that he will not in any way engage in competition with the Company within said territory.” In coming to this conclusion, I am not unmindful of two decisions of the Special Term. One was submitted by the defendant, entitled “ Duro-Test Corporation v. Edward H. Ward ”. (17 Mise 2d 1028.) This action was instituted in the Supreme Court of Cayuga County. The defendant therein moved to dismiss the complaint and the Special Term, Honorable James C. O’Erieet, Justice, under date of October 8, 1958, held that the contract was too broad in its terms and was unenforcible. The other was submitted by the plaintiff, entitled “ Duro-Test Corporation v. George A. Slawsky ”. (17 Mise
2d 625.) This action was instituted in Supreme Court, Albany County. Justice Harry E. Schirick, under date of May 19, 1958, upon an application for a temporary injunction restraining the defendant from continuing in the employ of the Industrial Electronics Corporation, held that under the same or a very similar contract to the one involved herein and under similar circumstances, a court of equity would grant injunctive relief. It should be noted that Judge Schirick restricted the effect of the temporary injunction to the territory embraced in the counties in which the employee had been given an exclusive territory under the contract. Justice O ’Brieet’s memorandum decision does not indicate the factual background which was before him upon the motion to dismiss the complaint and I am unable to determine whether the same circumstances existed there as do here. The provisions of the contract are not set forth.
I believe in the present ease that the facts and circumstances presented by the moving papers and conceded upon the oral argument of counsel, present facts which require a trial of the issues. It may well be upon such a trial, that the complaint may not be sustained. It seems to me, however, that under *1093 the reasoning of Justice Schtrick, upon the application before him, that a temporary injunction should be granted under the facts here presented covering only the territory assigned to the defendant in paragraph 4 of the contract dated April 24, 1956. The granting of the temporary injunction herein will not deprive the defendant of any right to earn a livelihood as it appears without dispute that he is presently employed as the sales manager for the entire State of New York for the Industrial Electronics Corporation. The territory covered by the injunctive relief constitutes a very small portion of the State.
The motion for temporary injunction is granted, without costs. Order accordingly.