■ DURO-TEST CORPORATION, Respondent, v. THEODORE W. DONAGHY, Appellant.— Order insofar as it grants a temporary injunction reversed on the law and facts and motion denied, and otherwise order affirmed, without costs of this appeal to either party. Memorandum: The record does not support the validity of the temporary injunction. There were important material issues in dispute, and it is not clear that the plaintiff is entitled to any injunction, temporary or permanent. In cases where a former employer seeks to restrain a former employee's general freedom of employment, there is always present the question of whether the limitation upon the employee is more extensive than is required by the legitimate interests sought to be protected (*Paramount Pad Co.* v. *Baumrind*, 4 N Y 2d 393; *Town & Country*

*House & Home Serv.* v. *Newbery,* 3 N Y 2d 554; *Simons* v. *Fried,* 302 N. Y. 323; *Lynch* v. *Bailey,* 300 N. Y. 615). The temporary injunction is much too broad in any event (*Monroe Coverall Serv.* v. *Bosner,* 283 App. Div. 451). " When the facts upon which the right to a final judgment depends are a matter of substantial controversy between the parties, an injunction *pendente lite* will not be granted but the rights of the parties will be determined only after a trial of the issues." (*Voorhees & Hobart* v. *Hobart,* 251 App. Div. 111, 112.) All concur, except Halpern, J., who dissents in part and votes to dismiss the appeal insofar as it relates to the temporary injunction upon the ground that that part of the appeal is moot, the period covered by the temporary injunction having expired, and no bond having been given in connection with the injunction. (Appeal from an order of Jefferson Special Term denying defendant's cross motion for dismissal of plaintiff's complaint and granting plaintiff's motion for a temporary injunction.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ. [17 Misc 2d 1085.]