Bert B. Lockwood, J.
The defendant entered into a written contract with the plaintiffs in which he stipulated he would not engage in the ophthalmic dispensing business within the City of Syracuse, New York, nor solicit the business of any of plaintiffs’ customers, nor disclose the identity of any such customers or any information concerning the business or affairs of the plaintiffs during the period of five years following the termination of his employment with the plaintiffs. After working for the plaintiffs for approximately 13 years, the defendant left the plaintiffs’ employ and proceeded to engage in the ophthalmic dispensing business in the City of Syracuse. Pending the outcome of this action the defendant has been temporarily restrained from engaging in said business.
The defendant claims the contract lacks consideration. Contract recited the plaintiffs were giving defendant valuable experience and training in ophthalmic dispensing and there was some proof of this fact adduced at the trial and the consideration, even though slight, was bargained for between the parties and was sufficient to validate the contract. (Mandel v. Liebman, 303 N. Y. 88.)
The defendant contends that the restrictive covenant preventing him from engaging in the ophthalmic dispensing business in the City of Syracuse for a period of five years following termination of his employment is unenforcible by reason of the well-settled rule that contracts by employees which unreasonably limit their rights to pursue their trade and occupation in the future are deemed to violate public policy because the employees’ means for procuring a livelihood for themselves and their families are diminished and on the further ground *1004 that said employees should not be deprived of the power of usefulness and the public should not be deprived of the benefit of the exercise of said employees of their. knowledge and skill. Simons v. Fried (302 N. Y. 323, 324-325, [1951]) states as follows : ‘ ‘ There is a public policy which in general holds competent contracting parties to bargains made by them with their eyes open. There is, however, an antagonistic public policy which proscribes any contract that would bring about an unreasonable restriction of the liberty of a man to earn his living or exercise his calling (see General Business Law, § 340).” (Italics supplied.)
The test as to whether or not a restrictive covenant is against public policy was recently restated in the case of Paramount Pad Co. v. Baumrind (4 N Y 2d 393, 396-397 [1958]): “ Where the restraint imposed is more extensive' than the legitimate interests sought to be protected, the restraint is invalid. Absent a breach of confidence, an employer cannot exact from a former employee an agreement to refrain from putting to use the experience gained while working at his trade. ’ ’ (Italics supplied.)
The defendant had contact with the plaintiffs’ customers and had access to the names of the plaintiffs’ customers and had access to the current status of individual prescriptions of customers and had the experience of plaintiffs’ business procedures. It is clear from the evidence the defendant has not solicited for himself or anyone else the business or patronage of any of plaintiffs’ customers nor disclosed to anyone the identity of any such customers nor any information concerning such customers other than possibly the 17 or so eye doctors in the City of Syracuse. It is true the defendant had extensive contact with eye doctors from whom plaintiffs obtained referrals. Certainly these Syracuse eye doctors could not be considered secret customers of the plaintiffs as anyone about to engage in the ophthalmic dispensing business in the City of Syracuse could very readily obtain their names and could contact them. The court must also conclude from all of the evidence that, as a practical matter, anyone engaged in the ophthalmic dispensing business in Syracuse, must rely principally upon referrals from these eye doctors and that the potential danger of soliciting from individual customers other than eye doctors, is small indeed.
It is also clear from the evidence there were no trade secrets connected with plaintiffs’ business and that the defendant’s services were neither unique nor extraordinary. It would appear the plaintiffs have over the years operated a successful and expanding business, and that the plaintiffs have diligently endeavored to keep abreast and to have their ophthalmic dis *1005 pensers keep abreast of improvements and advancements in this field. It would further appear the plaintiffs have through various methods of training and supervision, endeavored to exact from their ophthalmic dispensers meticulous care in filling their customers ’ prescriptions. It further appears the plaintiffs have, over the years, held a tight rein on their ophthalmic dispensers, having had contracts with all of them containing almost identical restrictive covenants as in defendant’s contract. It is logical to assume the plaintiffs have been able to be more exacting and demanding of their dispensers and have been willing to go to the expense and effort of training and keeping their dispensers abreast of developments in the field because of these contracts. The plaintiffs have been spared the fear that their well-trained dispensers might become dissatisfied and join a competing organization or that they might establish their own ophthalmic dispensing business in the City of Syracuse. It would therefore appear that the principal interests which the plaintiffs seek to protect by enforcing the restrictive covenant, is to enable the plaintiffs to have tighter control over their dispensers and to prevent any dispensers whom the plaintiffs have employed or trained from competing with them.
In many respects the case at issue seems analogous to the ease of Clark Paper & Mfg. Co. v. Stenacher (236 N. Y. 312, 320-321): “ But freedom from all competition per se apart from both these things, however lucrative it might be to him, he is not entitled to be protected against. He must be prepared to encounted that even at the hands of a former employee * * * That doctrine does not mean that an employer can prevent his employee from using the skill and knowledge in his trade or profession which he has learnt in the course of his employment by means of directions or instructions from the employer. That information and that additional skill he is entitled to use for the benefit of himself and the benefit of the public who gain the advantage of his having had such admirable instruction. The case in which the Court interferes for the purpose of protection is where use is made, not of the skill which the man may have acquired, but of the secrets of the trade or profession which he had no right to reveal to anyone else — matters which depend to some extent on good faith.”
This court concludes the covenant in the contract prohibiting the defendant from engaging in the ophthalmic dispensing business within the City of Syracuse for a period of five years following the defendant’s termination of employment with the plaintiffs is against public policy and unenforcible. The defendant however, should be restrained from soliciting for himself *1006 or anyone else the business of the plaintiffs’ customers and from disclosing to anyone the identity, or any other information relating to ophthalmic dispensing, of any such customers, other than from the medical profession.