PURCHASING ASSOCIATES, INC., Respondent, *v.* MORTON WEITZ, Defendant and Third-Party Plaintiff-Appellant. ALBERT J. KAPLAN, Third-Party Defendant.

First Department, July 2, 1963.

*Jay H. Topkis* of counsel (*Martin London* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for appellant.

*Hiram G. Shields* of counsel (*Harold W. Grubart* with him on the brief), for respondent.

*Per Curiam.* Defendant-appellant appeals from a decree enjoining him from engaging in the data processing business within a 300-mile radius of the City of New York until September 30, 1965.

On June 6, 1961 Morton Weitz, defendant-appellant, Charles Leyton and David Zwerner, partners, engaged in the servicing business under the name of Purchasing Associates, agreed to sell their business to Associated Sales Analysts, Inc., a domestic corporation. The sale agreement provided for the organization of plaintiff Purchasing Associates, Inc., to take over the business of the partnership. The closing was set for June 13, 1961. The purchase price was stipulated to be the net profits of the corporation to be formed for the three fiscal years ending September 30, 1964.

On June 13, 1961 an employment contract was made between plaintiff and defendant Weitz whereby he, then vice-president and a director of plaintiff, was engaged as assistant general manager to supervise all operations for two years commencing October 1, 1961 at the annual salary of $18,000. Weitz warranted to devote all his time to plaintiff's business; in addition, he

agreed not to compete with the plaintiff for a period of two years after termination of his employment within a 300-mile radius of the City of New York.

On September 29, 1961 plaintiff entered into an arrangement with Associated Sales Analysts, Inc., for the management of all its data processing operations. Associated agreed to pay therefor $20,000 for the year commencing October 1, 1961 and, in addition, 20% of the gross profits of its data processing operations.

On October 18, 1962 Weitz resigned as officer, director and employee of the plaintiff and this action was commenced December 19, 1962.

Defendant Weitz prior to June, 1961 had been engaged in data processing with Grayson-Robinson Stores, Inc. In the Summer of 1961 Associated Sales Analysts, Inc., assumed the data processing of Grayson-Robinson after its acquisition by Darling Stores. Defendant continued to do the same work at Grayson-Robinson; after his association with plaintiff he also rendered similar services for other accounts of Associated including Spartan, Korvette, Jubilee, Cinema and Joy. Subsequent to October 18, 1962 Weitz caused the organization of Datamor Associates, Inc., which is also engaged in data processing. Datamor now renders data processing service to Spartan.

The restrictive covenant knowingly and freely entered into by defendant is enforcible to the extent necessary to preserve the legitimate interests of the plaintiff. (*Carpenter & Hughes* v. *De Joseph,* 10 N Y 2d 925; *Paramount Pad Co.* v. *Baumrind,* 4 N Y 2d 393; *Simons* v. *Fried,* 302 N. Y. 323; *Foster* v. *White,* 248 App. Div. 451, affd. 273 N. Y. 596.)

In the circumstances of this case we are of the opinion the injunction here is coextensive with the legitimate business interests of plaintiff. The employment contract involves no element of unfairness and carried with it substantial compensation; the sale agreement vested in the defendant a substantial interest in the plaintiff's gross profit for a three-year period. (*Simons* v. *Fried, supra.*) *Lynch* v. *Bailey* (275 App. Div. 527, affd. 300 N. Y. 615) does not aid the defendant. There, the plaintiff received no purchase price; he brought into the accounting firm his own clients, skill and personal ability and shared only in the net profits of the joint venture. Here, the defendant acquired a substantial contract of employment and a substantial share of the gross profits of the plaintiff.

The judgment should be affirmed, with costs to plaintiff-respondent.

BOTEIN, P. J., BREITEL, McNALLY, STEVENS and BERGAN, JJ., concur.

Judgment, so far as appealed from, unanimously affirmed, with costs to respondent.