Louis B. Heller, J.
Plaintiff moves for an order modifying the judgment of divorce by "deleting the provision of exclusive possession of the matrimonial premises” so that he can institute an action for partition and the sale of the premises.
Prior to the action for divorce having been heard, the parties, each of whom was represented by counsel, entered into a stipulation of settlement, the pertinent portion of which provided that the wife was to have exclusive possession of the marital premises until the youngest of the minor issue attained the age of 21, or was emancipated, at which time the property was to be sold and the net profit derived therefrom divided equally. The divorce decree that was procured in October, 1974 provided that the provisions of the stipulation, among which is the provision relating to exclusive possession of the premises by the wife, were to survive the judgment and not to be merged therein.
A few months later plaintiff’s former wife remarried and presently resides with her new husband, his children and movant’s three children (aged approximately 17, 14, and 10) in the subject marital premises. Movant asserts that he "did not agree that her new husband should have exclusive possession of the premises and his family.”
In general, public policy holds competent contracting parties to bargains made by them freely and voluntarily, and requires the courts to enforce such agreements. The interest of society and public policy require the utmost freedom of contracts within the law (Martin v Martin, 5 AD2d 307, 309).
*456 In the case at bar, the written stipulation of settlement hereinabove referred to created contractual rights and liabilities binding upon them (see Harvey v Harvey, 58 Misc 2d 917; Hinds v Gulutz, 61 Misc 2d 384). As stated in Vranick v Vranick (41 AD2d 663), "The court does not have the power to modify or alter a stipulation in any material detail without the assent of both parties, absent fraud or overreaching.”
Plaintiff in his affidavit in support of the motion has alleged no fraud, deceit, or misunderstanding, but as heretofore stated, he now asserts that he did not contemplate that his wife would remarry and live with her new husband and his children in the premises. A reading of the stipulation of settlement indicates that it was drawn carefully by counsel, with due consideration for the rights of the parties, and with a primary intent to provide shelter for and to otherwise protect the interests of the issue of the marriage. Hence, plaintiff should not be allowed to take advantage of the change of status of his former wife so as to frustrate the intent and purpose of the provisions of the stipulation here involved. "The courts are strongly disinclined to import into an unqualified stipulation reservations or qualifications which might readily have been inserted by the parties if such had been their intention.” (83 CJS, Stipulations, § 11, p 30.)
Accordingly, the motion is denied.